UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81186-CIV-DAMIAN/Valle

**NATIONWIDE LIFE**
**INSURANCE COMPANY**,

    Plaintiff,
v.

**CHRISTOPHER CONWAY**, *et al.*,

    Defendants.
_____/

### ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** came before the Court on Magistrate Judge Alicia O. Valle's Report and Recommendation to District Judge [ECF No. 75 (the "Report")], entered on April 10, 2025.

**THE COURT** has reviewed the Report, the applicable law, and the pertinent portions of the record and is otherwise fully advised.

On September 26, 2024, Plaintiff, Nationwide Life Insurance Company ("Nationwide"), initiated this interpleader action by filing a Complaint against Interpleader Defendants, Christopher Conway ("C. Conway"), Jennifer Versaco, Amanda Halbreich, and Justin Conway (collectively, "Interpleader Defendants"). *See generally* Complaint [ECF No. 1]. The case was referred to Magistrate Judge Alicia O. Valle pursuant to 28 U.S.C. § 636(b)(1) and this District's Magistrate Judge Rules for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. *See* ECF No. 51 at 2–3.

On March 19, 2025, Judge Valle ordered the parties to file a joint status report (the "Joint Status Report") by April 2, 2025, advising the Court, among other things, as to the

status of pending motions. *See* ECF No. 68. The parties filed the Joint Status Report on March 26, 2025, noting therein that all parties were in agreement that Nationwide's Motion to Dismiss Counterclaim of C. Conway with Prejudice [ECF No. 62] and Motion for Order of Discharge in Interpleader [ECF No. 63] (collectively, the "Motions") should be granted. *See* ECF No. 70 at 1–2.

Upon reviewing Nationwide's Motions, Judge Valle issued the Report on April 10, 2025, recommending that, based on the parties' Joint Status Report, Nationwide's Motions be granted. *See* Report at 3. The Report also advised the parties that they had seven days from service of the Report to object to it. *See id.* at 4. To date, no objections have been filed and the time to do so has passed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

2

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the analysis and recommendations stated in Judge Valle's Report and agrees with Judge Valle's recommendation that Nationwide's Motions be granted. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 75]** is **AFFIRMED AND ADOPTED** as follows:

1. Nationwide's Motion to Dismiss Counterclaim of C. Conway with Prejudice [**ECF No. 62**] is **GRANTED**;

2. C. Conway's Counterclaim against Nationwide [**ECF No. 31**] is **DISMISSED WITH PREJUDICE**;

3. Nationwide's Motion for Order of Discharge in Interpleader [**ECF No. 63**] is **GRANTED**;

4. Interpleader Defendants shall interplead as to their rights and settle or litigate between themselves their claims and rights to the Proceeds;

5. Interpleader Defendants shall not institute any action or proceeding against Nationwide and/or its agents in relation to the Annuity Contract and/or its proceeds (the "Proceeds"), which are the subject of this case;

6. Nationwide and/or its agents are hereby discharged from any and all liability or responsibility for any and all claims or causes of action brought by any of the Interpleader Defendants, whether now existing or later accruing, and whether brought currently or in the future, that arise out of the Annuity Contract;

7. Nationwide shall abstain from seeking an award of its attorneys' fees and expenses for bringing this interpleader action;

8. Nationwide's counsel of record may accept service of any third-party discovery requests in this action issued to Nationwide by any Interpleader Defendant in this action;

9. Nationwide is hereby **DISMISSED** as a party to this action; and

10. The Clerk of Court is directed to deliver by mail a copy of this Order to the *pro se* Interpleader Defendants at the addresses listed below.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 19th day of May, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Alicia O. Valle

Counsel of Record

Christopher Conway
1705 Dorchester Road
Apt. 5F
Brooklyn, NY 11226
*Pro Se*

Justin Conway
612 Beebrush Court
Liberty Hill, TX 78642
631-988-2637
*Pro Se*

Amanda Halbreich
29 Marcardon Avenue

Ridgefield, CT 06877
516-639-8590
*Pro Se*

5